*Quito et al. v. Zheng*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand eighteen.**

PRESENT:    PIERRE N. LEVAL,
            GUIDO CALABRESI,
            JOSÉ A. CABRANES,

                        *Circuit Judges.*

_____

OSWALDO QUITO, LUIS QUITO GONSALES, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,

            *Plaintiffs-Counter Defendants-Appellees,*

            v.                                                          16-1488

SHIMI ZHENG,

            *Defendant-Counter Claimant-*

_____

**FOR PLAINTIFFS-APPELLEES:**               Yosef Nussbaum, Joseph & Kirschenbaum
                                            LLP, New York, NY.

**FOR DEFENDANT-APPELLANT:**               Shimi Zheng, *pro se*, Elmhurst, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ramon E. Reyes, Jr., *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the April 11, 2016 judgment of the District Court is **AFFIRMED**.

Defendant-Appellant Shimi Zheng ("defendant" or "Zheng"), proceeding *pro se*, appeals from a judgment in favor of Plaintiff-Appellee Oswaldo Quito ("plaintiff" or "Quito") on Quito's claims against Zheng and others for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law.

At the start of trial, the defendants moved to dismiss the entire complaint for lack of subject matter jurisdiction because defendants were not an enterprise with annual sales exceeding $500,000, as is required for relief under the FLSA. *See* 29 U.S.C. § 203(s)(1)(A)(ii). The Magistrate Judge denied the motion, holding that the $500,000 requirement was an element of the plaintiffs' FLSA claim, and not a jurisdictional requirement.

Following a bench trial, the Magistrate Judge found for plaintiff on his state law claims, but dismissed plaintiff's FLSA claims on the grounds articulated by defendants in their motion to dismiss. The Magistrate Judge subsequently dismissed plaintiff's federal claims and entered an amended judgment in plaintiff's favor with respect to only his state law claims. This appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal, defendant argues that Quito failed to prove the "enterprise" element of his FLSA claim, that this element is jurisdictional, and that the magistrate judge therefore should have dismissed the complaint in its entirety. He next challenges the Magistrate Judge's decision to exercise supplemental jurisdiction over plaintiff's state law claims after dismissing the federal claims.

_____

* The Clerk of Court is directed to amend the caption as set forth above.

The Supreme Court has clarified when a statutory requirement is jurisdictional and when it is instead an element of a plaintiff's claim. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511 (2006) (observing that "[s]ubject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief—a merits-related determination"). The Court in *Arbaugh* provided clear guidance for distinguishing between the two concepts: "[W]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Id.* at 516.

As in *Arbaugh*, the requirement at issue here is found within the "definitions" section of the statute, *compare* 29 U.S.C. § 203(s)(1)(A), *with* 42 U.S.C. § 2000e(b), rather than the jurisdictional section of the statute. *Compare* 29 U.S.C. § 216(b), *with* 42 U.S.C. § 2000e-5(f)(3). No other text in the FLSA gives any indication that Congress intended for § 203(s)(1)(A) to be jurisdictional. We thus conclude that § 203(s)(1)(A) is "nonjurisdictional in character," and the court below thus did not lack subject matter jurisdiction. *See Arbaugh*, 546 U.S. at 516.

The Magistrate Judge also did not "abuse [his] discretion" by exercising supplemental jurisdiction over Quito's state law claims. *See, e.g.*, *Valencia ex rel. Franco v. Lee*, 316 F.3d 299 (2d Cir. 2003) (articulating the relevant standard of review). Here, Quito's FLSA claims were dismissed *after trial*, and "it would have been wasteful to subject [the] case to another full trial before a different tribunal." *See Purgess v. Sharrock*, 33 F.3d 134, 139 (2d Cir. 1994); *accord Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 56 (2d Cir. 2004). Furthermore, Zheng never requested that plaintiff's state law claims be dismissed after plaintiff failed to sustain his burden of proof on his FLSA claims. We thus conclude that neither judicial economy, convenience, fairness, nor comity counseled dismissal of Quito's state law claims. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1191 (2d Cir. 1996).

## CONCLUSION

We have considered Zheng's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3